[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SUPPRESS
Facts and Testimony
Both sides argue in their respective briefs that the determination of this motion rests almost entirely on whose testimony is to be credited, the arresting officer or the CT Page 1542 defendant.
Officer Matteo testified that he was on duty on June 25, 1988 on Hilton Drive in West Haven at approximately 11:10 P.M. This is an area of apartment buildings and the area is recognized as a high crime area for drugs, stolen cars and homicide. While at the end of the street Matteo observed a car leaving the parking area for the apartments without its headlights on and he followed. He noticed headquarters of his intention to stop the oar for a motor vehicle violation (failure to have car headlights on) and just prior to the stop he noticed that the car, in which the defendant was the sole occupant, had dealer plates.
After the officer brought the defendant's car to a stop by use of his overhead flashing lights, he approached the defendant and asked for his license and registration. The defendant produced his license which the officer then communicated to headquarters for a warrant check. While waiting for a response from headquarters, Officer Matteo noted the defendant acting "Hinkey" and his movements peculiar. He shined his flashlight into the interior of the car and noticed on the passenger side of the front seat near the console a brown paper bag with ziplock bags inside it and he could see what in his experience looked like crack vials used in narcotic trafficking. He then ordered the defendant to get out of the car, which he did, and Officer Matteo then retrieved the brown bag and its contents from the floor and confirmed his identification of the items contained therein. As Officer Matteo got out of the car, the defendant fled. The car was taken to headquarters and thereafter fully searched uncovering additional cocaine, money and a weapon.
The defense makes the point that Officer Matteo's report, prepared the next day, mentions receiving a particular response from headquarters concerning a registration check of the vehicle prior to stopping the defendant's vehicle. Although the timing of that circumstance is not correctly reflected in the report, the court is unwilling to make the quantum leap suggested by defense counsel, that the officer's testimony in all regards is entitled to no credibility.
On the other hand, the defendant testified that earlier that day he was using his girlfriend's loaner car with dealer plates with her permission and he parked on Stratford Avenue in Bridgeport to sell hotdogs from a vending cart. Sometime during the day he allowed a friend to place money in the glove compartment and a gun under the front seat. He stopped selling hotdogs between 6-7 P.M. and went into a video arcade where at approximately 8 P.M. he received a call from an unidentified individual to go to Hilton Drive to pick up certain packages which he indicated he knew to contain cocaine. CT Page 1543
At some point he drove to a particular building on Hilton Drive, went into a building and came out with two bags, one of which he placed under the front passenger seat and the other, after removing a strong box containing $11,000, he placed on the floor of the back seat. He claims he exited the parking area with his lights on and thereafter was stopped by Officer Matteo. He recalled a conversation he had with the officer about the dealer plates and then the officer ordered him from the car. He claims the officer searched the car for 2-3 minutes and then found the bag under the front passenger seat. As the officer exited from the car with the bag containing the plastic bags and crack vials the defendant fled the area.
The main points in contention affecting this motion are the condition of the headlights when the officer first observed the defendant's car and whether the bag removed from the area of the front passenger seat was in plain view or under the seat and the subject of a 2-3 minute search. In viewing the overall facts in this case, the plausibility of the respective accounts of the witnesses and reasonable inferences that can be drawn therefrom, the court finds the testimony of Officer Matteo to be clearly more reasonable and credible. To consider that the defendant would hide the smaller bag of narcotics under the seat while leaving the larger bag of narcotics and the strong box containing $11,000 on the floor and seat of the back seat in plain view or that the officer after a 2-3 minute search of the front seat area would not find the weapon under the front seat, is not plausible. The court therefore finds that Officer Matteo effected a valid motor vehicle stop for the defendant's failure to have his headlights on and that while speaking to the defendant and with the use of his flashlight from outside the vehicle, the officer was able to see in plain view a bag which appeared to contain packaging items for narcotics activities.
Having decided the issue of credibility, as it has, the court finds no support for the Motion to Suppress. The stop here was a valid infraction stop under C.G.S. 14-96(a) and the seizure of the paper bag observed on the floor of the front seat and the ordering of the defendant from the car complied with the requirements of the Fourth Amendment. See Texas v. Brown,460 U.S. 730 (1982); State v. Dukes, 209 Conn. 98, 122 (1988); State v. Graham, 200 Conn. 9, 20 (1986). The Motion to Suppress is denied.
JOSEPH T. GORMLEY, Jr., Judge